IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALONZO VERSER and LOVIE D. VERSER, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:24-cv-806-B-BN |
| CENLAR AGENCY, INC., ET AL., | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
MOTION TO MODIFY MEDIATION REQUIREMENT**

Plaintiffs Alonzo Verser and Lovie D. Verser filed a *pro se* petition in a state court in Dallas County, which Defendants Cenlar FSB (improperly identified as Cenlar Agency, Inc.) and CitiMortgage, Inc. removed to federal court, invoking subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332. *See* Dkt. No. 1.

United States District Judge Jane J. Boyle referred the removed case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And, after the parties filed a joint status report under Federal Rule of Civil Procedure 26(f) [Dkt. No. 15], the Court entered a scheduling order under Federal Rule of Civil Procedure 16(b), which established deadlines, including to mediate (by January 15, 2025); to complete discovery (by January 29, 2025); and to file dispositive motions (by March 3, 2025), *see* Dkt. No. 16.

More than five months prior to their deadline to do so, Defendants moved for summary judgment. *See* Dkt. Nos. 20-22. As ordered, *see* Dkt. No. 23, Plaintiffs

responded, *see* Dkt. No. 24. And Defendants replied. *See* Dkt. No. 25.

And, more recently, on January 6, 2025, Defendants moved "to [e]xcuse [the p]arties from [m]ediation," explaining that the Rule 16(b) scheduling order should be modified "to relieve the [p]arties from the January 15, 2025 mediation requirement" – or, in the alternative, that the Court should reset that deadline until after it rules on their early-filed motion for summary judgment – because they "have demonstrated that each of Plaintiffs' three claims are based on false allegations that Defendants have disproved with competent summary judgment evidence"; they "believe there are no material questions of fact for the Court to decide and that Defendants are entitled to judgment as a matter of law"; and, "despite the lack of merit to Plaintiffs' claims, the history of the settlement discussions in this case thus far also reveals the futility of a mediation." Dkt. No. 27 (for example, "[a]cross the entire life of the loan, including a year of litigation, Plaintiffs have never once timely submitted a complete loan modification application").

The Court appreciates Defendants' efforts to expedite the disposition of this case. But the Court must also ensure that Plaintiffs have a fair opportunity to prosecute their claims, consistent with the schedule that the Court imposed under Rule 16(b).

So the Court cannot find good cause to modify the scheduling order under Federal Rule of Civil Procedure 16(b)(4) to eliminate a requirement to mediate that the parties requested that the Court impose, *see* Dkt. No. 15 at 4 ("The position of each party regarding mediation or other forms of alternate dispute resolution,

including a proposed deadline for the completion of such procedures: The parties are amenable to participating in mediation, but request the opportunity to engage in some discovery before doing so. The parties propose a deadline to complete mediation by January 15, 2025." (emphasis omitted)), particularly under these circumstances, where the deadlines for Plaintiffs to complete discovery and to file dispositive motions have not expired.

That said, the Court does find good cause to SUSPEND the mediation requirement under these circumstances, subject to Plaintiffs' ability to respond to this order to show cause why the Court should compel the parties to mediate this dispute at this time.

SO ORDERED.

DATE: January 8, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE