IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ALONZO VERSER and LOVIE D.  §
VERSER,                      §
                             §
            Plaintiffs,      §
                             §
V.                           §         No. 3:24-cv-806-B-BN
                             §
CENLAR AGENCY, INC., ET AL., §
                             §
            Defendants.      §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Alonzo Verser and Lovie D. Verser filed a *pro se* petition in a Dallas
County, Texas state court, which Defendants Cenlar FSB (improperly identified as
Cenlar Agency, Inc.) ("Cenlar") and CitiMortgage, Inc. ("CitiMortgage") removed to
federal court, invoking federal subject-matter jurisdiction under 28 U.S.C. §§ 1331
and 1332. *See* Dkt. No. 1.

United States District Judge Jane J. Boyle referred the removed case to the
undersigned United States magistrate judge for pretrial management under 28
U.S.C. § 636(b) and a standing order of reference.

Citi and Cenlar moved for summary judgment on the Versers' claims. *See* Dkt.
Nos. 20-22. The Versers responded, and Defendants replied. *See* Dkt. Nos. 23-26.

For the reasons set out below, the Court should grant the motion for summary
judgment and dismiss this lawsuit with prejudice.

**Legal Standards**

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). And "[a] factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the

nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625.

"The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of*

*Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted).

And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Hous.*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)); *Hassen v. Ruston La. Hosp. Co., L.L.C.*, 932 F.3d 353, 355 (5th Cir. 2019) (A court must "view the evidence and draw all justifiable inferences in favor of the nonmovant. Even so, barebones, conclusory, or otherwise-unsupported assertions won't cut it; the nonmovant 'must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial.'" (footnotes omitted)).

So, "when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted). Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

"If a party fails to properly support an assertion of fact or fails to properly

address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving

party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

And "the traditional leniency afforded to a *pro se* plaintiff does not excuse [the Versers] from [their] burden of opposing summary judgment through the use of competent summary judgment evidence." *Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trs.*, 709 F. App'x 243, 246 (5th Cir. 2017) (per curiam) (citing *Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015) ("[T]his is not to say that pro se plaintiffs don't have to submit competent evidence to avoid summary judgment, because they do.")).

And, "[a]lthough courts should advise *pro se* [parties] of procedural rules," *Brown v. Megg*, 857 F.3d 287, 289 n.1 (5th Cir. 2017) (citing *Davis*, 798 F.3d at 293-94), the United States Court of Appeals for the Fifth Circuit "has held that they need not be given additional notice of the consequences of a summary judgment motion and the right to submit opposing affidavits as the notice given by Rule 56 and the local rules suffices," *id.* (citing *Martin v. Harrison Cnty. Jail*, 975 F.2d 192, 193 (5th

Cir. 1992)); *see also Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) ("[T]here is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention. It is not unjustifiably onerous to require *pro se* parties to respond to proper motions for summary judgment. All summary judgment nonmovants shoulder the same obligation. District courts can make appropriate allowances for *pro se* responses that may be somewhat less-artfully written than those of represented parties. This can be accomplished, however, without excusing them from the most basic requirement that they file a response.").

But the verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent such pleadings meet the requirements of Rule 56(e). *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *accord Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) ("On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit.").

## Analysis

After the Versers again fell behind on their mortgage, they turned to the Texas Homeowner's Assistance program ("TXHA") for relief. They claim that they applied for, and were approved for, up to $65,000 from TXHA but that, despite this, CitiMortgage ignored their request for a loan modification, "which could have worked in conjunction with the $65,000 to bring the mortgage current." Dkt. No. 24 at 3. "As a result, [TXHA] denied [their] ability to catch up on the mortgage, leaving [them] in

a worse financial position." *Id.*

Liberally construed, the Versers assert (1) a claim based on Defendants' alleged failure or refusal to work with TXHA towards a loan modification; (2) a claim under the Real Estate Settlement Procedures Act ("RESPA") based on Defendants' alleged failure to acknowledge or to respond to a Qualified Written Request ("QWR"); (3) a claim for wrongful foreclosure based on Defendants' alleged failure to provide notice and an opportunity to cure; and (4) a claim for injunctive relief. *See* Dkt. No. 1-4 at 2-15.

But, after Defendants moved for summary judgment on these claims, the Versers failed to oppose the motion with their own authenticated evidence that could be admissible at trial. *See* Dkt. No. 24; *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 191-92 (5th Cir. 1991) ("It has long been settled law that a plaintiff must respond to an adequate motion for summary judgment with admissible evidence." And it is "not the district court's duty to examine whether and how [a plaintiff's evidence] might be reduced to acceptable form by the time of trial." (cleaned up)); *Reitz v. Woods*, 85 F.4th 780, 787 (5th Cir. 2023) ("Accordingly, material that is inadmissible will not be considered on a motion for summary judgment." (cleaned up)).

And, while the Versers' petition filed in state court is verified, *see* Dkt. No. 1-4. at 10-13, that verified filing fails to "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of [each claim]," *Morris*, 144 F.3d at 380.

So the material facts before the Court are drawn from Defendants' motion

[Dkt. No. 21] supported by their appendix [Dkt. No. 22] ("Appendix"):

> On September 1, 2023, [TXHA] sent an email to Alonzo Verser explaining that the maximum assistance amount that TXHA could apply to each homestead was $65,000, and that [the Versers] would need to pay down $24,877.56 of the balance on their loan to their mortgage servicer for TXHA to potentially provide them with mortgage assistance. Appendix at 017.
>
> On September 22, 2023, TXHA denied [the Versers'] application for assistance because the homeowner was not responding to TXHA's requests for necessary documentation, and sent an email to [Mr.] Verser notifying him of same. Appendix at 004, 007, 010, 020.
>
> On or around May 10, 2023, Cenlar received a QWR from [the Versers]. Appendix at 024, ¶ 9; 027.
>
> Cenlar sent a letter to [the Versers] at the property address acknowledging receipt of [the] QWR on May 11, 2023. Appendix at 024, ¶ 10; 030.
>
> Cenlar sent a response to the May 10, 2023 QWR to [the Versers] at the property address on or around May 22, 2023. Appendix at 024, ¶ 11; 032-042.
>
> On or around February 6, 2023, Cenlar, on behalf of Citi, sent [the Versers] a notice of default and opportunity to cure both by certified mail, and by standard U.S. mail. Appendix at 024, ¶ 12-13; 044-051.
>
> Cenlar and CitiMortgage, Inc. have not held or completed a foreclosure sale of the property located at 1136 Normandy, Desoto, TX 75115-4819. Appendix at 024, ¶ 14.
>
> [The Versers] are seeking no damages. Appendix at 054, ¶ 2.
>
> Even if Plaintiffs later contend that they have damages, they have admitted that they have not attempted to mitigate any of their damages. Appendix at 054, ¶ 3.
>
> [The Versers'] loan is currently due for the October 2020 payment and [was] almost four years past due [as of September 17, 2024]. Appendix at 024, ¶ 15.

Dkt. No. 21 at 4-5.

The evidence therefore does not support and, in fact, defeats the Versers' first claim, regardless the legal theory underlying it, that Defendants' alleged failure to work with TXHA caused the Versers to not receive assistance from that program.

Next, under RESPA, a loan servicer possesses a duty to respond to borrowers' inquiries. And "Section 2605(e) describes the duty of a loan servicer to respond to

borrower inquiries and provides that if a 'servicer of a federally related mortgage loan receives a qualified written request [QWR] ... for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days ... unless the action requested is taken within such period.'" *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 241 (5th Cir. 2014) (per curiam) (quoting 12 U.S.C. § 2605(e)(1)(A)).

> To constitute a QWR, the correspondence from the borrower must enable the servicer to identify the name and account of the borrower, include a statement of the reasons for the borrower's belief that the account is in error, or provide sufficient detail to the servicer regarding other information sought by the borrower. [12 U.S.C.] § 2605(e)(1)(B). Within thirty days of receipt of a QWR the servicer must either make appropriate corrections to the borrower's account or, after investigation, provide a written explanation including a statement of reasons the servicer believes the account is correct or any other information requested by the borrower. *Id.* § 2605(e)(2).

*Id.*

The undisputed evidence properly before the Court at summary judgment also defeats this claim, as it reflects that Cenlar timely acknowledged and then timely responded to the Versers' QWR.

Regardless, "RESPA claims also require actual damages." *Williams v. Freedom Mortg. Corp.*, No. 3:22-cv-1973-N, 2023 WL 1806023, at *2 (N.D. Tex. Feb. 7, 2023) (citing 12 U.S.C. § 2605(f)(1)(A); citation omitted). And the Versers do not seek damages and, so, "cannot show actual damages in the RESPA context based on the threat of foreclosure where no foreclosure has actually occurred." *Id.* (citation omitted).

And the Versers' claim for wrongful foreclosure similarly fails, where the

evidence at summary judgment reflects that there has been no foreclosure sale.

Under Texas law, to succeed on a wrongful foreclosure claim, the plaintiff must show "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the two." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013).

Implicit in this standard is a requirement that a foreclosure sale take place. *See James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 447 (5th Cir. 2013) (per curiam) ("[C]ourts in Texas do not recognize an action for attempted wrongful foreclosure." (quoting *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1007-08 (S.D. Tex. 2011))).

And, because Defendants should prevail at summary judgment on the Versers' substantive claims, the Court should also grant Defendants summary judgment on the injunctive relief count. *See Wesner as Tr. of Charles Wesner, Jr. Living Tr. v. Southall*, No. 3:22-cv-927-B, 2023 WL 7107123, at *4 (N.D. Tex. Sept. 22, 2023) ("[A] request for injunctive relief absent an underlying cause of action is fatally defective." (quoting *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 n.15 (5th Cir. 2012) (citation omitted))).

In sum, the Court should grant Defendants' motion for summary judgment and dismiss this lawsuit with prejudice.

## Recommendation

The Court should grant Defendants Cenlar FSB and CitiMortgage, Inc.'s motion for summary judgment [Dkt. No. 20] and dismiss this lawsuit with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 19, 2025

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE