IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALONZO VERSER and LOVIE D. VERSER, § § § | |
| Plaintiffs, § § | |
| V. § | No. 3:24-cv-806-B-BN |
| § | |
| CENLAR AGENCY, INC., ET AL., § § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR
EXTENSION OF TIME TO FILE A NOTICE APPEAL**

The Court entered judgment dismissing this civil case with prejudice on July 29, 2025. *See* Dkt. No. 36.

On September 18, 2025, *pro se* plaintiffs Alonzo Verser and Lovie D. Verser filed a motion under Federal Rule of Appellate Procedure 4(a)(5) to extend their deadline to file a notice of appeal. *See* Dkt. No. 37.

Defendants CitiMortgage, Inc. and Cenlar FSB filed a response opposing the Versers' motion the next day. *See* Dkt. No. 38.

Under 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure 4(a)(1)(A), the notice of appeal in a civil case must be filed within 30 days of entry of judgment. So a notice of appeal would have been timely here if it was filed by August 28, 2025.

But Rule 4(a)(5) of the Federal Rules of Appellate Procedure allows the district court to extend the time for filing a notice of appeal for an additional 30 days, or for 14 days after granting the motion, whichever is later, if the appellant files a motion within 30 days after the notice of appeal was originally due and shows excusable

neglect or good cause.

The Versers' motion was filed within 30 days of the deadline to file a timely notice of appeal.

And, although Defendants argue that the Versers' grounds for an extension – their misunderstanding of the law or procedural rules – does not establish excusable neglect, "[e]xcusable neglect is intended and has proven to be quite elastic in its application." *Mattress Giant Corp. v. Motor Adver. & Design Inc.*, No. 3:07-cv-1728-D, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008) (citation omitted).

But "[i]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *N.L.R.B. v. Tri-Cnty. Elec. Coop., Inc.*, No. 21-60887, 2023 WL 5040960, at *2 (5th Cir. Aug. 8, 2023) (per curiam) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)); *see also L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 525 (5th Cir. 2021) ("Our court has held that, in most cases, an attorney's simple misunderstanding of the Federal Rules 'weighs heavily against a finding of excusable neglect.'" (quoting *Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 880 (5th Cir. 1998))).

And the United States Court of Appeals for the Fifth Circuit has "held that a district court abused its discretion by granting an extension of time based on an attorney's misreading of a time-limit set by the Federal Rules even when the district court had found that the intricacies of the Rule at issue were 'a trap for the unwary.'" *Nelson*, 17 F.4th at 525-26 (quoting *Williams*, 161 F.3d at 880); *see also Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998) ("Although in [*United States*

*v. Clark*, 51 F.3d 42 (5th Cir. 1995),] we left open the possibility that some misinterpretations of the federal rules may qualify as excusable neglect, such is the rare case indeed. Where, as here, the rule at issue is unambiguous, a district court's determination that the neglect was inexcusable is virtually unassailable. Were it otherwise, almost every appellant's lawyer would plead his own inability to understand the law when he fails to comply with a deadline. Accordingly, we cannot say that the court abused its discretion in denying Halicki's motion to extend the notice of appeal clock under rule 4(a)(5)." (cleaned up)).

That said, courts typically afford more leeway to unrepresented parties like the Versers. *See, e.g.*, *Whitfield v. Howard*, 852 F.3d 656, 660-61 (7th Cir. 2017) ("The federal rules are complex, and the court may find excusable neglect in a *pro se* litigant's confusion about how they work." (citing *McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008))).

And, to the extent that Defendants argue that the Versers lack a nonfrivolous issue for the Fifth Circuit to review, *see, e.g.*, Dkt. No. 38 at 1 ("[A]n appeal by Plaintiffs (they have not identified any reversible error they intend to appeal) would be nothing more than a continued prosecution of meritless claims calculated to delay a foreclosure and inhibit Defendants from pursuing their legal rights."), that's typically an issue that the district court would only take up if an appellant moved for leave to appeal *in forma pauperis* ("IFP"), which the Versers have not (at least yet) done. *See, e.g.*, *Donaldson v. Ducote*, 112 F. App'x 329, 331 (5th Cir. 2004) (per curiam) ("Although a plaintiff seeking IFP status need not demonstrate probable success on

the merits, *Jackson v. Dallas Police Department*, 811 F.2d 260, 261 (5th Cir. 1986), his complaint will be deemed frivolous 'if it lacks an arguable basis in law or fact,' *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)."); *cf. Womack v. Galveston Hous. Auth.*, Civ. A. No. G-06-707, 2008 WL 508640, at *1 (S.D. Tex. Feb. 21, 2008) ("Even if Womack could show good cause or excusable neglect to merit an extension under Rule 4(a)(5), the court in the alternative denies her Application under Rule 24(a)(3) of the Federal Rules of Appellate Procedure.")

The Court therefore GRANTS the Versers' motion and EXTENDS their deadline to file a notice of appeal to **October 6, 2025**. *See* FED. R. APP. P. 4(a)(5)(C) ("No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later."); *Greater Birmingham Ministries v. Merrill*, No. 2:22cv205-MHT, 2022 WL 16550310, at *2 n.3 (M.D. Ala. Oct. 31, 2022) (Appellate Rule 4 "provides for a 30-day baseline period to appeal, *see* FED. R. APP. P. 4(a)(1)(A); up to 30 more days after that period to move for an extension, *see* FED. R. APP. P. 4(a)(5)(C); and up to 14 more days if the court grants an extension at the end of that second 30-day period, *see id.*").

SO ORDERED.

DATED: September 22, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE